(Decided 28th June, 1881.)

CLINTON P. PAINE, and WILLIAM G. GEKLER, trading as ALLEN PAINE, SON & CO. *vs.* JOHN YOUNG, JR.

*Questions under a Bill of sale—Commingling of goods— Title of Vendee as Purchaser under Bill of Sale—Prayer and instruction.*

An unfinished carriage conveyed by a bill of sale, and allowed to remain in the possession of the vendor, by whom it is afterwards completed, cannot be sold under an execution upon a judgment recovered against the vendor.

The mere fact that part of the material used in finishing the carriage, were furnished by the vendor, will not in itself operate to defeat the title of the vendee under the bill of sale.

How far the vendee might be liable to the vendor, if such materials were furnished with his acquiescence, is another question.

An appellant has no right to object to an instruction which was prejudicial to the appellee and not to himself.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

*Exception.*—At the trial, the plaintiff offered the two following prayers:

1. That if the jury find from all the evidence, that a bill of sale was made by James Young to John Young, the plaintiff, in consideration of the money named in the said bill of sale, that the goods and chattels levied upon and taken by the sheriff by the *fi. fa.* issued against James Young, had been sold to the plaintiff and conveyed by the said bill of sale, then the said goods and chattels were wrongfully levied upon and taken by virtue of said *fi. fa.,* and the plaintiff is entitled to a verdict for the value of the property so levied upon and taken, and the goods and chattels so levied on, were two top buggies and a jump-seat jagger.

2. If the jury find the facts set out in the first prayer of plaintiff, and further find the materials were on hand at the shop of James Young, on North street, when the bill of sale referred to was executed, and that the said materials were conveyed to the plaintiff, that the said materials were afterward used to build or construct carriages, which were made of said materials, and of other materials furnished by the plaintiff, and that all the materials and labor used in, and done on said carriages, were specifically paid for by the plaintiff, and that any of the carriages finished out of said materials and labor, were taken and sold by the sheriff under said *fi. fa.,* then the plaintiff is entitled to their verdict to the amount of the value of the carriages so taken and sold.

The defendants excepted to the second prayer of the plaintiff, because there was no sufficient evidence to sustain the same, and offered the four following prayers:

1. If the jury find from the evidence, that none of the carriages levied upon under the *fieri facias* offered in evi-

dence, and claimed by the plaintiff, were in the possession of James Young in specie, on the 19th day of October, 1876, the date of the execution of the bill of sale offered in evidence, or in such manner that they could be by the defendants identified as those in the possession of James Young on said day, and that other materials were introduced by James Young, with the acquiescence of the plaintiff, into the establishment of James Young, since said 19th day of October, 1876, and worked up, with those on hand previously, in completing the carriages claimed by the plaintiff, and the materials subsequently purchased were not separable from those on hand previously, and such materials previous on hand were not pointed out to the sheriff, or the defendants, by the plaintiff, or any one on his behalf, then the plaintiff is not entitled to recover in this form of action against the defendants.

2. If the jury shall find, that the carriages taken under said writ of *fieri facias* in the first prayer mentioned, and claimed by the plaintiff, had not been built when the bill of sale offered in evidence was executed, and that some part of the materials from which they were built, was purchased by James Young, from various parties, subsequently in his own name, some on credit and some for cash, partly with money derived from John Young, Jr., and partly derived from others, the plaintiff cannot recover for any of the property, except that in the possession of James Young when the bill of sale was executed, and the burthen of proof is on the plaintiff, to show what particular materials were in James Young's possession when the bill of sale was executed, and as he has not shown what part of the materials were on hand at such time, or the value of the same, or that they were separable from those purchased subsequently, or that the defendants or the sheriff were informed which materials were on hand before the execution of the bill of sale, the plaintiff cannot recover under the pleadings in this case.

3. That the bill of sale offered in evidence, conveys no carriages or materials, except those in possession of James Young, or to which he had some right as claim, at the time he executed it, and any materials purchased by James Young afterwards, even if they believe the money was in whole or in part, supplied by the plaintiff for such purchase, are not affected by the bill of sale, and if materials purchased afterward were, by the permissive act of the plaintiff, commingled in the construction of the carriages levied upon under said *fieri facias*, with materials on hand previously, and labor was afterwards supplied for finishing the carriages, then the plaintiff cannot recover under the pleadings in this case.

4. If the jury find from the evidence, that the irons for one or two of the carriages, taken under the execution mentioned in the evidence, were in existence when the bill of sale offered in evidence was executed, but that the carriages were otherwise incomplete, and that James Young continued to carry on his business of manufacturing carriages, from the execution of the bill of sale, until the levying of the execution, buying materials in his own name, from time to time, partly with moneys derived from the plaintiff, and partly from other parties, to assist him in making such purchases to finish said carriages, and the carriages were finished, in part by materials purchased, and labor and services of James Young and others, supplied subsequently to the execution of the bill of sale, [for the account of James and not of said John,] and that the plaintiff knew how such carriages were being finished, and permitted it to be done as aforesaid, and that no one pointed out to the sheriff or to the defendants, any materials in said carriages, which were owned by James Young, at the time of the execution of the bill of sale, and if they find that the different materials in the carriages cannot be separated without destruction of the carriages, then the plaintiff cannot recover

under the pleadings in this case. And the jury may infer the knowledge and permission of the plaintiff, if they find that he was present from time to time in the shop of James, while said purchase and use of new materials was going on.

The Court (GAREY, J.,) rejected the plaintiff's first prayer, and granted his second prayer, and rejected the first, second and third prayers of the defendants, and granted their fourth prayer, with the modification contained in brackets. The defendants excepted and the verdict and judgment being against them, appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*William A. Fisher,* for the appellants.

*William H. Cowan,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

James Young, Jr., conveyed to the appellee, the stock of carriages and wagons, finished and unfinished; and also the materials then being in his carriage factory.

The property was left in the possession of Young the bargainor, and the unfinished carriages were subsequently finished by him. Whether all the materials used in completing the carriages were the materials included in the bill of sale, or were in part bought by Young, the bargainor, after the date of the bill of sale, the evidence in the record is somewhat conflicting. But this question in the view we take of the case is quite immaterial.

Afterwards the appellants recovered a judgment against the bargainor, and sold under execution the carriages mentioned in the bill of sale. This suit is brought by the appellee, to recover damages for the unlawful seizure and sale of the carriages by the appellants. And it is insisted

Paine & Gekler *vs.* Young.

on the part of the defence, that if the carriages were finished in part with the materials included in the bill of sale, and in part with materials furnished by the bargainor in the bill of sale, with the acquiescence of the appellee, and that there was such a commingling of property as to make it impossible to identify or separate the materials used, that under such circumstances the plaintiff was not entitled to recover. And the decision in *Hamilton vs. Rogers,* 8 *Md.,* 321, is relied on in support of this contention. But that case differs widely from the one now before us. There Rogers mortgaged not only his stock and materials then on hand, but also all the stock and materials which he might subsequently purchase in the prosecution of his business. And the Court held:

1st. That the mortgagee could not maintain an action at law against a judgment creditor of Rogers for selling under execution, *goods purchased by Rogers after the date of the mortgage,* upon the ground that one cannot sell that which has not either *actual* or *potential* existence at the time of the sale.

2nd. That the burden of proof was upon the mortgagee, to show that the goods sold under the execution, were on the premises at the date of the mortgage.

3rd. Where property mortgaged is commingled, with that subsequently acquired by the mortgagor, it is presumed to be done with the mortgagee's permission, and if it be so intermixed as to prevent separation or identification, the rights of third parties are not to be affected thereby.

But here the sale was of a *subject-matter existing in specie,* and in the possession of the bargainor. The contract of sale was an *executed contract,* and the title to the carriages, whether *finished* or *unfinished,* passed to the appellee upon the execution and delivery of the bill of sale. The mere fact that parts of the materials used in finish-

ing the carriages were furnished by the bargainor, would not in itself operate to defeat the title of the appellee as purchaser under the bill of sale. How far he might be liable to the bargainor, if such materials were furnished with his acquiescence is another question. Be that as it may, it did not justify the appellants in selling the carriages under an execution against Young, the bargainor. There was no error therefore in refusing the several prayers offered by the appellants.

By the prayer offered by the appellee and granted by the Court, his right to recover was based upon the finding by the jury, that all the materials used in finishing the carriages were furnished by the appellee. This he was not obliged to prove. The appellants however, have no right to object to an instruction which was prejudicial to the appellee and not to themselves.

For these reasons, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 28th June, 1881.)